UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:13-cv-00099-JAW |
| PEACHEY BUILDERS, INC., et al., | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Court denies the Plaintiff's motion for leave to file reply to Defendants' opposition to its motion for summary judgment because the briefing schedule, which included no replies, was agreed to by the parties and ordered by the Magistrate Judge without objection in order to expedite the resolution of this coverage case. The Defendants' response does not contain novel arguments or new caselaw that the Plaintiff could not have anticipated or that the Plaintiff has not already addressed in substance.

**I.    STATEMENT OF FACTS**

On March 20, 2013, Massachusetts Bay Insurance Company (MBIC) filed a complaint against Peachey Builders, Inc. and other Defendants seeking to obtain a declaratory judgment that its commercial line policy does not provide coverage for the Defendants in an underlying action now pending in the York County Superior Court. *Compl.* (ECF No. 1). The Court issued a scheduling order on August 13,

2013. *Scheduling Order* (ECF No. 23). On September 3, 2013, Defendants Arundel Valley, LLC and Kate's Homemade Butter, Inc. (Arundel Defendants) objected to the Scheduling Order and proposed the case be bifurcated, separating litigation involving the duty to defend from litigation involving the duty to indemnify. *Arundel Valley, LLC and Kate's Homemade Butter, Inc.'s Objection to the Scheduling Order* (ECF No. 25). They also suggested a discovery plan limited to the duty to defend. *Id.* MBIC did not object to the bifurcation and also proposed a slightly different but limited discovery plan. *Resp. of the Pl./Def.-in-Countercl., Massachusetts Bay Ins. Co., to Defs., Arundel Valley, LLC and Kate's Homemade Better, Inc.'s Objection to the Scheduling Order* (ECF No. 26). On September 23, 2013, Defendants Peachey Builders, Inc. and Gary Peachey (Peachey Defendants) objected to the discovery plan proposed by Arundel Valley, LLC and Kate's Homemade Butter, Inc. *Def. Peachey Builders, Inc.'s and Gary Peachey's Resp. and Limited Objection to Arundel Valley, LLC and Kate's Homemade Butter Inc.'s Objection to Scheduling Order* (ECF No 28). On September 23, 2013, the Peachey Defendants filed a motion to dismiss for failure to state a claim. *Mot. to Dismiss for Failure to State a Claim* (ECF No. 27). On September 24, 2013, the Magistrate Judge issued an order, staying all scheduling order deadlines and scheduling a Rule 16 pretrial conference to discuss the issues raised by the parties, including dispositive motion practice. *Order* (ECF No. 29).

The Magistrate Judge held the conference by telephone on September 26, 2013 and issued a report of the telephone conference and interim scheduling order

later that day. *Report of the Telephone Conference and Interim Scheduling Order* (ECF No. 32) (*Magistrate Judge Scheduling Order*). She noted that "[w]ith the agreement of the parties, ECF No. 27, Defendant Peachey's Motion to Dismiss is voluntarily terminated without any prejudice to any party and can be refiled in its same form following resolution of the duty to defend issues if deemed appropriate." *Id*. at 1. She stated that the parties' "primary concern is that once the court issues an opinion and judgment regarding the duty to defend, they have a mechanism . . . to obtain a final judgment to expedite any appeal rather than have to wait for the resolution of a claim that is not ripe at this time and may or may not be ripe by the time the duty to defend issue is resolved." *Id*. at 1-2. She provided that "[t]here will be no further Rule 56(h) conference on this issue as this conference is in lieu of the Local Rule 56(h) conference." *Id*. at 2. She then placed the parties on an expedited discovery and dispositive motion schedule. *Id*. Significantly, she wrote:

> Cross-Motions for summary judgment or judgment on the pleadings on the duty to defend issue are due by January 10, 2014. Responses are due by January 31, 2014. *No replies are to be filed.*

*Id*. (emphasis supplied). The Magistrate Judge stipulated that any objections to the report had to be filed in accordance with Rule 72. *Id*. No objections were received.

In accordance with this Order, on January 10, 2104, both the Peachey Defendants and MBIC filed motions for summary judgment. *Def. Peachey Builders, Inc.'s and Gary Peachey's Mot. for Partial Summ. J.* (ECF No. 34); *Pl.'s Mot. for Summ. J.* (ECF No. 38). The Peachey Defendants and MBIC responded to each other's motions on January 31, 2014. *Pl.'s Opp'n to Def., Peachey Builders, Inc.'s*

3

*and Gary Peachey's Mot. for Summ. J.* (ECF No 39); *Def. Peachey Builders, Inc.'s and Gary Peachey's Resp. to Pl.'s Mot. for Summ. J.* (ECF No. 40).

On February 6, 2014, MBIC moved for leave to file a reply to the Defendants' opposition to its motion for summary judgment. *Pl.'s Mot. for Leave to File a Reply to Defs.' Opp'n to Pl.'s Mot. for Summ. J.* (ECF No. 42) (*Pl.'s Mot.*); *Def. Peachey Blders, Inc.'s and Gary Peachey's Resp. to Pl.'s Mot. for Leave to File Reply to Defs.' Opp'n to Pl.'s Mot. for Summ. J.* (ECF No. 43) (*Peachey Opp'n*).

## II. DISCUSSION

The Magistrate Judge's Order dated September 26, 2013 was conducted in lieu of a Local Rule 56(h) conference. D. ME. LOC. R. 56(h). One of the purposes of the Rule 56(h) conference is to anticipate and resolve briefing issues. *Id.* Here, the parties discussed the likelihood that both MBIC and the Peachey Defendants would simultaneously file cross-motions for summary judgment. *Magistrate Judge Scheduling Order* at 2. As the parties are represented by experienced and highly qualified counsel, they no doubt understood that, unlike a traditional motion for summary judgment, they would be filing their own motions and memoranda and at the same time, receiving the other party's position in the countervailing motion, thus obviating the need for replies. The advantage to such an arrangement is efficiency because the more traditional approach would cause an extended delay with the seriatim filing of the motion, opposition and cross-motion, reply to the opposition and response to the cross-motion, and reply to the response to the cross-

4

motion. Instead the parties agreed to simultaneous filings in order to expedite the process.

Despite its advantages, the expedited procedure the parties agreed to and the Magistrate Judge ordered had the disadvantage that the parties would be unable to reply to the opposing party's response. This was made explicit in the Magistrate Judge's September 26, 2013 Order. MBIC is not in an enviable position, to argue against the application of a procedure it expressly agreed to.

MBIC has one more arrow in its quiver. MBIC asserts that the Peachey Defendants raised in their response, "numerous new cases and . . . several arguments not previously discussed." *Pl.'s Mot.* at 1. MBIC has given no indication of what those issues are and whether they could have been anticipated. *Id.* at 1-2. If the Peachey Defendants violated the spirit of the briefing schedule by holding back their firepower until they knew that MBIC would be unable to reply, this is not obvious from MBIC's motion for leave to file reply. *Id.*

In their opposition to MBIC's motion for leave to file reply, the Peachey Defendants say that they discussed only one additional case, *York Insurance Group of Maine v. Lambert*, 1999 ME 173, 740 A.2d 984, and they do not believe any new lines of arguments were raised. *Peachey Opp'n* at 2. They also note that, in its response, MBIC cited a new case, *York Golf and Tennis Club v. Tudor Insurance Company*, 2004 ME 52, 845 A.2d 1173, and they express confidence that the Court will be able to resolve the issues without further written argument. *Id.* at 2.

To resolve this dispute, the Court re-reviewed the parties' memoranda to determine whether the Peachey Defendants in fact back-loaded their argument, lulling MBIC into a terse and ineffective response. First, the Court disagrees with MBIC that the Peachey Defendants raised new and unanticipated arguments in their response. The Complaint and Counterclaim in this case are narrowly focused on whether the language in MBIC's commercial line policy triggers a duty to defend the Peachey Defendants based on the allegations in the underlying civil complaint. *Compl.*; *Answer and Countercl.* (ECF No. 21). Such coverage disputes are common grist for the lawyers' mill.

There are a few additional ways to look at this question. The first is whether the Peachey Defendants omitted critical caselaw in their memorandum so that MBIC would not know to react in its response. Here, the Peachey Defendants' response added just two cases they did not discuss in their initial memorandum: (1) *Maine State Academy of Hair Design v. Commercial Union Insurance*, 1997 ME 188, 699 A.2d 1153 (Me. 1997), and (2) *York Insurance Group of Maine v. Lambert*, 1999 ME 173, 740 A.2d 984. Another consideration is whether Peachey Defendants' discussion of these two cases was precipitated by MBIC's discussion of them in its memorandum. It was not. MBIC cited neither case. *Pl.'s Memo.* at 1-18.

A third way of viewing the issue is whether the Peachey Defendants' newly-cited cases contain novel arguments that MBIC should not have anticipated. Here, the Court concludes that neither *Hair Design* nor *Lambert* adds new or novel authority that MBIC should not have anticipated or that MBIC has not already in

6

substance addressed. The Maine Law Court decided *Lambert* in 1999 and reiterated the longstanding principle that "[a] duty to defend exists if 'a complaint reveals a potential that the facts ultimately proved may come within the coverage.'" *Lambert*, 1999 ME 173, ¶ 4, 740 A.2d at 985 (quoting *Penney v. Capitol City Transfer, Inc.*, 1998 ME 44, ¶ 4, 707 A.2d 387, 388). Based on *Lambert*, the Peachey Defendants argued that "consideration of all potential types of damages, regardless of the lack of specific pleadings, must be considered by the courts." *Peachey Resp.* at 8. Similarly, the Peachey Defendants cited *Hair Design*, a 1997 case, for the proposition that "although there was no mention in the lawsuit complaint of incidents occurring outside of work, the [Maine Law] Court found that the [trial] court could not exclude possible incidents outside of work" and that the "was a duty to defend." *Id.* The age of these newly-cited cases and the Peachey Defendants' references to their well-worn principles convince this Court that MBIC may not validly claim that the Peachey Defendants strategically held back critical, unexpected, decisive caselaw, and sprang it on MBIC in their response.

Finally, if the Court granted MBIC's request for a reply, it would, if requested, be required in fairness to grant a similar request from the Peachey Defendants and there must be a salutary end to points and counterpoints.

## III. CONCLUSION

The Court DENIES Massachusetts Bay Insurance Company's Motion for Leave to File a Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 42).

SO ORDERED.

      /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2014